UNITED STATE DISTRICT COURT
NORTHERN DISTTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 02 CR 729 |
| ) | Honorable David H. Coar |
| ) | United States District Court Judge |
| REYES CARRILLO ) | |
| ) | |
| Defendant. ) | |

**FILED**
JUL 9 - 2003
Judge David H. Coar
United States District Court

**DOCKETED**
JUL 1 1 2003

## NOTICE OF MOTION

TO: United States Attorney          Alison M. Sigler
    Barry Miller                     Dan Hesler
    George Jackson III               55 East Monroe St. Suite 2800
    219 South Dearborn Street 3rd Floor    Chicago, IL 60603
    Chicago, IL 60604

    Michael Levinsohn                John M. Beal
    116 S. Michigan Ave., 8th Floor  53 West Jackson, Suite 1108
    Chicago, IL 60603                Chicago, IL 60604

On July 10, 20023 at 4:00 p.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Coar, or any judge sitting in his stead, in the courtroom usually occupied by him at 219 South Dearborn, Chicago, Illinois at the Unites State District Court, Northern District of Illinois, and shall then and there present the attached motion, a copy of which is hereby served upon you.

GOTTREICH & GRACE
200West Superior Suite 210             *T. Mac*
Chicago, IL 60610                       Attorney the Defendant
(312) 575-0717

### PROOF OF SERVICE

I, the undersigned, an attorney, certify that I served this notice and motion by hand delivery and fax.

*T. Mac*

112

UNITED STATE DISTRICT COURT
NORTHERN DISTTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
JUL 9 - 2003
Judge David H. Coar
United States District Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 02 CR 729 |
| | ) | Honorable David H. Coar |
| | ) | United States District Court Judge |
| REYES CARRILLO et al. | ) | |
| | ) | |
| Defendant. | ) | |

**DOCKETED**
JUL 1 1 2003

## MOTION FOR SEVERANCE

NOW COMES, the Defendant, REYES CARRILLO, by and through his attorney, TIMOTHY M. GRACE, and brings this motion for Severance pursuant to Rules 8 and 14, Federal Rules of Criminal Procedure, and in support of said motion states as follows:

1. The defendant, REYES CARRILLO, has been charged along with PEDRO HERRERA, MARIA MIRANDA, and LUZ GOMEZ with conspiracy to deliver and possessing with the intent to deliver certain amounts of illegal narcotics, under one indictment.

2. Specifically, the defendants HERRERA and CARRILLO have been charged with conspiring to possess with the intent to deliver with the government's confidential informant ("CI") certain amounts of illegal narcotics. The indictment alleges that on July 12, 2002 HERRERA and CARRILLO met at 1485 Dundee Road in Palatine, Illinois for the purpose of purchasing the illegal narcotics from the CI.

11a

3. While CARRILLO will contend at trial that no meeting was to take place for that purpose, HERRERA has indicated that there was a meeting, and the purpose of the meeting was in fact to purchase narcotics, yet due to the absence of certain factors, an agreement was never made and hence no conspiracy or attempt conspiracy could have taken place.

4. The defense asserted by co-defendant HERRERA is completely antagonistic to that of the defense by CARRILLO and the prejudice to CARRILLO is clearly outweighed by any goal contemplated by the rules of criminal procedure.

5. It would be impossible for CARRILLO to receive a fair trial in a joint trial with HAERRERA.

6. Federal Rule of Criminal Procedure 14 provides that severance is appropriate where "a defendant or the government is prejudiced by a joinder of offenses or of defendants." Rule 14. While severance is not mandatory where inconsistent defenses are proffered by co-defendants, "[t]o cause the type of compelling prejudice that prevents co-defendants from obtaining a fair trial, the defenses must conflict to the point of being irreconcilable and mutually exclusive." United States v. Crawford, 581 F.2d 489, 491 (1978).

7. In the instant case the defenses could not be more in-opposite. While HERREA will almost stipulate to the purpose of the meeting, CARRILLO adamantly denies any claim that they had agreed to sell or buy any narcotics.

8. Furthermore, based upon comments made by counsel of HERRERA before this honorable Court, it appears that not only will this defense be proffered but that

HERRERA will actually testify to its validity and thus CARRILLO will be compelled to follow or dispute, and thus making a fair trial impossible.

9. In United States v. Johnson, 478 f.2D 1129 (1973), the Fifth Circuit reviewed a very similar case to the present. In Johnson the defendants where charged with passing of Federal Reserve counterfeit notes. Defendant Johnson's defense was that he was not present when the crime charged was committed. Defendant Smith "took an altogether different approach in his defense." Id. at 1132. Smith did not deny passing the bills but contended that he did not pass them with the requisite intent to defraud. The reviewing court found that "[w]hen Smith took the stand . . . [he] was the government's best witness against Johnson." Id. at 1133.

10. In the instant case there is also a statement from co-defendant MIRANDA that the Government intents to introduce at trial which incriminates CARRILLO. MIRANDA'S statement that would be introduced at trial is that she drove a vehicle upon the request of CARRILLO which had narcotics inside. Although she claims she was unaware of the drugs hidden in the undercarriage of the vehicle, the vehicle was later searched by DEA agents and narcotics were recovered.

11. Said statement of co-defendant MIRANDA is clearly a violation of CARRILLO'S Sixth Amendment right of cross-examination. In Bruton v. United States, 391 US 123 (1968), the United States Supreme Court reviewed a very similar situation. In Bruton a non-testifying co-defendant's, statement against the defendant was found to have so prejudiced the defendant that a fair trial was impossible even though the Court instructed the jury properly regarding the statement.

12. It appears clear that the conflicting defenses along with the inculpatory statement will cause the jury to draw improper inferences and thus eliminate the possibility of a fair trial for CARRILLO.

HEREFORE, REYES CARRILLO, by and through his attorney, TIMOTHY M. GRACE, respectfully request that this honorable court order severance in the instant case and that the defendant CARRILLO be tried alone.

_____
Attorney for Defendant

GOTTREICH & GRACE
Timothy M. Grace
200 West Superior Street Suite 210
Chicago, IL 60610
(312)-575-0717
(312)-943-7133