**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02 CR 729-1 |
| v. | ) | |
| | ) | HONORABLE DAVID H. COAR |
| REYES CARRILLO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before this Court is a limited remand from the Seventh Circuit Court of Appeals pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). This Court is charged with determining whether it would have imposed a different sentence on Defendant Reyes Carrillo ("Defendant"), had the Federal Sentencing Guidelines ("Guidelines") been considered advisory rather than mandatory at the time of sentencing. After reviewing the parties' submissions and the pre-sentence report, this Court concludes that it would have applied the same sentence.

**BACKGROUND**

On December 10, 2002, Defendant was indicted on six counts in violation of 21 U.S.C. Sections 841, 846, and 952: Count I, conspiracy to possess cocaine with the intent to distribute; Count II, conspiracy to import heroin; Count III, possession with intent to distribute heroin; Count IV, importing heroin and cocaine; Count V, possessing with intent to distribute heroin and cocaine; Count VI, attempting to possess with intent to distribute cocaine. On July 30, 2003, a jury found Defendant guilty on all counts. Sentencing took place on March 19, 2004, at which point this Court overruled Defendant's objection to the pre-sentence report ("PSR") finding that

he was a leader or organizer, rejected the government's request for an enhancement for obstruction or a departure for disobeying a court order, and denied Defendant's request for a downward departure based on the fact that he was a deportable alien. Applying the resultant offense level of 42 and a criminal history category of I, the sentencing range under the guidelines was 360 months to life imprisonment. This Court expressed no desire to move outside of this range, and in fact added an additional year to the sentence because he had disobeyed the court order. The final sentence, then, was 372 months imprisonment.

On appeal, the Seventh Circuit affirmed but issued a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005). Both the Government and the Appellant/Defendant ("Defendant") filed position papers on the *Paladino* issue, which this Court has reviewed along with the factors of 18 U.S.C. §3553 as they apply to this case.

## LEGAL BACKGROUND

Congress promulgated the Guidelines in 1987. *See* 18 U.S.C. §3553; *see also United States v. Hanhardt*, 424 F.Supp.2d 1065, 1073 (N.D.Ill. 2006). In *Booker*, the Supreme Court concluded that mandatory imposition of the sentences set out in the Guidelines, without the use of a jury as factfinder, on certain issues violated the Sixth Amendment. *See Booker*, 543 U.S. 220. If the Guidelines had not been considered mandatory, the Supreme Court noted, no Sixth Amendment problem would have been raised. *See id.* at 233 ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range.") (citations omitted); *see also*

*United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005) ("With the guidelines now merely advisory, factfindings that determine the guidelines sentence do not determine the actual sentence, because the sentencing judge is not required to impose the guidelines sentence; and so the Sixth Amendment is not in play.").

In response, some defendants sentenced in the Seventh Circuit before the *Booker* decision "are now given limited remands to re-evaluate their sentences under the factors contained in 18 U.S.C. §3553." *Hanhardt*, 424 F.Supp.2d at 1073 (citing *United States v. Welch*, 429 F.3d 702, 705 (7th Cir. 2005); *Paladino*, 401 F.3d at 484). These limited remands – or "*Paladino* remands" – are meant only to enable the district judge to signal to the Court of Appeals "whether [the defendant's] sentence would have been different had the Guidelines been applied as advisory rather than mandatory." *Id.* (citing *United States v. Santiago*, 428 F.3d 699, 705-06 (7th Cir. 2005); *Paladino*, 401 F.3d at 484).

When considering the remand, "any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). "Therefore, the defendants must rebut the presumption of reasonableness attached to the Guidelines sentences 'by demonstrating that [their] sentence[s][are] unreasonable when measured against the factors set forth in [18 U.S.C.] §3553(a)'." *United States v. Spano*, 447 F.3d 517, 519 (7th Cir. 2006) (citations omitted). These factors include the nature and circumstances of the offence, §3553(a)(1); the history and characteristics of the defendant, §3553(a)(1); the kinds of sentences available, §3553(a)(3); the sentencing range established under the Guidelines (subject to amendment), §3553(a)(4); any pertinent policy statement issued by the U.S. Sentencing Commission (subject to amendment),

§3553(a)(5); the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct, §3553(a)(6); and the need to provide restitution to any victims of the offense, §3553(a)(7). In addition, the sentence must reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational, medical, or correctional treatment. *See* 18 U.S.C. § 3553.

## ANALYSIS

Defendant argues that this Court should find that it would have deviated from the guidelines had they not been mandatory, in light of the fact that the PSR presented a higher total drug amount than that which was found by the jury, and in order to provide a measure of leniency in light of his age and limited criminal history. Lengthy analysis of these limited issues is unnecessary; the Seventh Circuit recently noted that "[o]n a *Paladino* remand a judge need not employ a full-fledged methodology for measuring the reasonableness of the Guidelines sentence against §3553(a)." *Spano*, 447 F.3d 517 (citing *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005)). The Court of Appeals clarified: "the need for a judge to explain in detail his consideration of the §3553(a) factors when choosing to stick with the Guidelines sentence is proportional to the arguments made by the defendants...When the judge is not presented with much, he need not explain much." *Id.* (citation omitted).

Defendant was found guilty of importation and possession with intent to distribute, along with conspiracy to import and possess, tremendous amounts of cocaine and heroin, amounting to the marijuana equivalent of more than 135, 907 kilograms and a base offense level of 38

pursuant to §2D1.1(c)(1). This Court found at sentencing that the drug amount recommendation of the PSR was factually sound and adequately based on estimates at trial, and sees no need to second-guess that determination here. Defendant asks this court to follow the spirit of *Apprendi* and *Booker* in binding itself to the lower drug estimate found by the jury. However, the Seventh Circuit has upheld judicial freedom to raise the floor of potential sentences despite these recent rulings. *See United States v. Duncan*, 413 F.3d 680, 683 (7th Cir. 2005) (rejecting the idea that "the Fifth and Sixth Amendments require every fact increasing a federal defendant's minimum sentence to be alleged in the indictment, submitted to the jury, and proved beyond a reasonable doubt," citing *Harris v. United States*, 536 U.S. 545, 552-53 (1986)). This Court now follows the spirit of that ruling and its affirmation of a court's limited capacity to find additional sentencing factors. Defendant's base offense level of 38, determined by applying the guidelines to an analysis of the record and a preponderance standard, fairly and accurately reflected the magnitude of the crime whether or not the guidelines were mandatory.

As discussed at sentencing, Sent. Tr. at 4, there was sufficient evidence on which a 4-point increase for playing a leadership role was warranted pursuant to §3B1.1(a). This Court also found that, despite disobeying a court order not to speak with potential witnesses, Defendant did not deserve a 2-point adjustment §3C1.1. This Court refused to depart from the Guidelines due to the fact that Defendant was a deportable alien. In light of the importance of criminal deterrence, and despite Defendant's request for leniency in its most recent pleadings, these determinations would have been appropriate regardless of whether or not the Guidelines were mandatory.

Without any hesitation or complaint about the structure of the Guidelines as applied to the Defendant, this Court determined a sentence of 372 months, toward the low end of the then-mandatory range. This Court "start[ed] out with the notion that [the minimum sentence of] 360 months [was] sufficient to accomplish the goals of sentencing," but "add[ed] another year because of his action in disobeying the court order." Sent. Tr. at 11. This Court was not compelled, nor is it now compelled, to deviate in any way from the Guidelines established by Congress. Defendant was found to be the head of a large system for distributing narcotics, and recklessly disregarded a direct order from a magistrate judge. In order to reflect the seriousness of the offense, promote respect for the law, adequately deter similar crimes in the future, and protect the public, a sentence of 372 months incarceration was, and is, appropriate.

At this stage, this Court reviews whether it would have imposed the same sentence if operating under the understanding that the Guidelines are advisory. The presumption is that the original sentence imposed is reasonable. Defendant is required to rebut that presumption but has failed to do so, and this Court sees no reason to think that its own ruling would have been any different had *Booker* been decided before the sentencing in question took place. Sentencing Defendant below the Guideline range would "subvert the goals of the U.S. Sentencing Commission and lead to unwarranted sentencing disparities which would in turn fail to protect the public." *Spano*, 411 F.Supp.2d at 941.

## CONCLUSION

For the foregoing reasons, this Court concludes that it would have given Defendant the same sentence of 372 months if the Guidelines had been advisory rather than mandatory.

Enter:

<u>/s/ David H. Coar</u>
David H. Coar
United States District Judge

Dated: **November 30, 2006**